

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 JAN -4 PM 3: 42

CLERK OF COURT

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | § § § | |
| Plaintiff | § § | JURY TRIAL DEMANDED |
| v. | § § | CIVIL ACTION FILE NO. |
| BLAKE MIRAGLIA, TARA SCHUCHMANN, RICK WESSEL, PHILLIP POWELL, and J. ALAN BARRON | § § § § § | 4-07CV-013-A |
| Defendants. | § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW State Farm Fire & Casualty Company (hereinafter referred to as "State Farm"), Plaintiff in the above-styled action and hereby files this Complaint for Declaratory Judgment showing this Honorable Court as follows:

### Parties, Jurisdiction, Applicable Law and Venue

1.

This is an action for declaratory judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff State Farm and Defendants Blake Miraglia, Tara Schuchmann, Rick Wessel, Phillip Powell, and J. Alan Barron.

2.

State Farm is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois, making State Farm a citizen of the State of Illinois.

State Farm is authorized to transact business within the State of Texas and submits itself to the jurisdiction and venue of this Court.

3.

Defendant Blake Miraglia is an individual domiciled in Riverside County, California, making Defendant a citizen of the State of California. Defendant may be served with process at 78370 Coyote Canyon Ct., La Quinta, California 92253-7307. Defendant is subject to the jurisdiction and venue of this Court.

4.

Defendant Tara Schuchmann is an individual domiciled in Dallas County, Texas, making Defendant a citizen of the State of Texas. Defendant may be served with process at 4709 Drexel, Dallas, Texas 75205. Defendant is subject to the jurisdiction and venue of this Court.

5.

Defendant Rick Wessel is an individual domiciled in Tarrant County, Texas, making Defendant a citizen of the State of Texas. Defendant may be served with process at 4003 Fair Hill Ct., Colleyville, Texas 76034-4127. Defendant is subject to the jurisdiction and venue of this Court.

6.

Defendant Phillip Powell is an individual domiciled in Tarrant County, Texas, making Defendant a citizen of the State of Texas. Defendant may be served with process at 502-A Travis Street, Nocona, Texas 76255. Defendant is subject to the jurisdiction and venue of this Court.

7.

Defendant J. Alan Barron is an individual domiciled in Parker County, Texas, making Defendant a citizen of the State of Texas. Defendant may be served with process at 190 Forest Ct., Aledo, Texas 76008-2556. Defendant is subject to the jurisdiction and venue of this Court.

8.

The Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because it is a civil action in which the matter in controversy is likely to exceed the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9.

The issues in controversy in this action should be determined under the laws of the State of Georgia as the insurance contracts at issue were contracted for, delivered in, and were understood to be controlled by the laws of the State of Georgia. *See* Section 193 of the Restatement (Second) of Conflict of Laws. The location of the insured property is also in the State of Georgia and should be given *greater weight* in determining the controlling law in this matter. *See* Comments (a) and (b), Section 193, Second Restatement of Conflicts of Laws.

10.

Venue in this action is proper pursuant to 28 U.S.C. § 1391.

### **The Policies**

11.

State Farm issued a homeowner's policy to Blake Miraglia in April 2000 which was maintained through June 11, 2004, consisting of various coverages, including liability coverage, subject to the terms, conditions and exclusions contained in the policy. A true and accurate copy

of the policy at issue - Number 81-KW-0884-8 (hereinafter referred to as "The **Homeowners Policy**") - is attached hereto as Exhibit "A" and incorporated herein by reference.

12.

State Farm issued a personal liability umbrella policy to Blake Miraglia in November 2000 that has been maintained through December 15, 2003, consisting of various coverages, including liability coverage, subject to the terms, conditions and exclusions contained in the policy. A true and accurate copy of the policy at issue - Number 81-K8-9032-5 (hereinafter referred to as "The **Umbrella Policy**") - is attached hereto as Exhibit "B" and incorporated herein by reference.

13.

The **Homeowners Policy**, No. 81-KW-0884-8, provides in pertinent part as follows:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

**DEFINITIONS**

"**Bodily injury**" means physical harm to a person, including any resulting sickness or disease....

**Bodily injury** does not include:

    c.    emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

**"Occurrence"** means an accident, including exposure to conditions, which results in:

    a.    **bodily injury**; or

    b.    **property damage**;

during the policy period....

**"Property damage"** means physical damage to or destruction of tangible property, including loss of use of this property....

### SECTION II - EXCLUSIONS

Coverage L and Coverage M do not apply to:

    a.    **bodily injury** or **property damage**:

        (1)    which is either expected or intended by an insured; or

        (2)    which is the result of willful and malicious acts of the **insured**.

### SECTION II - CONDITIONS

**Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

    a. give written notice to us or our agent as soon as practicable, which sets forth:

        (1) the identity of this policy and **insured**;

        (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and

        (3) names and addresses of any claimants and available witnesses;

    b. immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

14.

The **Umbrella Policy**, Number 81-K8-9032-5, provides in pertinent part as follows:

## COVERAGES

**Coverage L - Personal Liability.** If you are legally obligated to pay damages for a **loss**, we will pay your **net loss** minus the **retained limit**....

**Defense and Settlement.**

a. We may investigate, negotiate and settle a claim or suit covered by this policy.

b. When the claim or suit is covered by this policy, but not covered by any other policy available to you:

   (1)  we will defend the suit against you; ...

## DEFINITIONS

**"Loss"** means:

   a.  an accident, including injurious exposure to conditions, which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

   b.  the commission of an offense, or series of similar or related offenses which result in **personal injury** during the policy period.

**"Personal injury"** means injury caused by one or more of the following offenses:

   a.  false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution;

   b.  libel, slander, defamation of character or invasion of rights of privacy.

**"Property damage"** means physical injury to or destruction of tangible property. This includes the loss of use caused by the injury or destruction.

**"Bodily injury"** means physical injury, sickness, disease, emotional distress or mental injury to a person.

## EXCLUSIONS

We will not provide insurance:

2.    for **bodily injury** or **property damage**:

    a.    which is either expected or intended by you; or

    b.    to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

16.    for **personal injury** when you act with specific intent to cause harm or injury.

## YOUR DUTIES TO US

These are things you must do for us. We may not provide coverage if you refuse to:

1.    notify us of an accident. If something happens that might involve this policy, you must let us know promptly. Send written notice to us or our agent....

2.    notify us of a claim or suit. If a claim or suit is filed against you, notify your underlying insurer and us right away. You must send us every demand, notice, summons or other process you receive.

15.

In 2003, Defendants Tara Schuchmann, Rick Wessel, Phillip Powell, and J. Alan Barron filed the following lawsuits against Defendant Miraglia:

- *J. Alan Barron v. Blake Miraglia*, Cause No. 51257, filed in the 43rd District Court of Parker County, Texas, on August 26, 2003. This case was transferred to the 415th District Court of Parker County, Texas on February 14, 2004.

- *Phillip Powell v. Blake Miraglia*, Cause No. 236-203613-03, filed in the 236th District Court of Tarrant County, Texas, on December 31, 2003. The case was transferred to the 48th District Court of Tarrant County, Texas on February 11, 2005.

- *Rick Wessell v. Blake Miraglia*, Cause No. 48-203617-03, filed in the 48th District Court of Tarrant County, Texas, on December 31, 2003.

- *Tara Schuchmann v. Blake Miraglia*, Cause No. 03-13611-G, filed in the 134th District Court of Dallas County, Texas, on December 31, 2003.

Copies of the current petitions for damages are attached hereto as Exhibits "C" through "F" and incorporated herein by reference and will hereinafter be referred to as the "Underlying Lawsuits."

16.

The claims asserted in the Underlying Lawsuits stem from the alleged "posting" of certain comments on Yahoo.com's Finance Message Board for First Cash Financial Services, Inc. (hereinafter "FCFS"), a publicly traded company on NASDAQ. The pleadings allege that Miraglia is a disgruntled former employee of FCFS. After leaving FCFS, Miraglia became a cyber-libelist, embarking on a cyber smear campaign against FCFS and its officers and directors. The pleadings allege that Miraglia used as his forum the Yahoo Finance Message Boards where he posted under the pseudonym "paydaylender." There, cloaked with anonymity and unencumbered by editorial filters, Miraglia shared false and misleading information with the world, not only about FCFS, but is various officers and directors.

17.

According to the allegations in the Underlying Lawsuits, Miraglia, who was motivated by bitterness and ill will, made numerous false assertions of insider trading, disregard for shareholder rights and fiduciary duties, improper compensations schemes between the board and management, and failures to disclose material information. The pleadings allege that Miraglia liberally used innuendo and/or implication in his publication of false and malicious statements regarding FCFS and its officers and directors. The pleadings further allege that when Miraglia ran out of material, he would orchestrate events and then write about them as if he were a mere uninvolved observer. According to the pleadings, Miraglia's alleged conduct demonstrated that he was bent on harming and injuring FCFS and the plaintiffs in the Underlying Lawsuits.

18.

According to the pleadings, the consequences of Miraglia's actions not only impeached the honesty, integrity, virtue and reputation of the plaintiffs in the Underlying Lawsuits, they falsely accused the plaintiffs with the commission of a crime.

19.

Upon being served with the first petition in August 2003, Miraglia recognized that a claim might be presented under the aforementioned Policies. Some 17 months after the first lawsuit was filed and more than three years after the occurrence giving rise to the claims, Miraglia provided notice of the claims and lawsuits to State Farm on March 8, 2005.

20.

Upon receipt of notice of the Underlying Lawsuits, State Farm issued two Non-Waiver of Rights letters dated April 8, 2005, informing Miraglia that State Farm would evaluate the Policies and the Underlying Lawsuits and determine whether it was obligated to defend or indemnify him. True and correct copies of the Non-Waiver of Rights letters are attached hereto as Exhibits "G" and "H."

21.

On April 14, 2005, State Farm offered to provide a defense to Miraglia in the Underlying Lawsuits subject to reservation of rights. A second reservation of rights letter was sent to Miraglia on August 17, 2005. True and correct copies of the Reservation of Rights letters are attached hereto as Exhibits "I" and "J."

22.

On November 4, 2005, State Farm notified Miraglia that it declined to accept coverage under the **Homeowners Policy**. A true and correct copy of State Farm's declination letter is attached hereto as Exhibit "K."

### Declaratory Relief Sought

23.

State Farm asserts that the Policies do not provide coverage for the facts and allegations upon which the Underlying Lawsuits against Miraglia are based, and therefore, State Farm has no duty to defend or indemnify Miraglia for the claims asserted against him in the Underlying Lawsuits.

24.

Specifically, the allegations in the Underlying Lawsuits do not state a potentially covered claim for bodily injury or property damage under the Homeowners Policy. The allegations do not state a potentially covered claim for property damage under the Umbrella Policy. Although the pleadings state a potential claim for personal injury under the Umbrella Policy, because the allegations which form the basis of the Underlying Lawsuits are not accidental, there is not a "loss" as that term is defined by the Umbrella Policy, nor is there an "occurrence" as that term is defined in the Homeowners Policy. Therefore, no liability coverage exists under either of the Policies for the claims alleged against Miraglia arising out of his intentional acts of defamation, fraud, misrepresentation, and all other claims set out by the other Defendants' pleadings in the Underlying Lawsuits.

25.

In addition, because it is alleged that Miraglia intended to post false, misleading, and defamatory statements about Schuchmann, Wessel, Powell, and Barron, the claims alleged in the Underlying Lawsuits are excluded from any liability coverage offered by the Policies by the expected or intended injury exclusions contained in both Policies and by the exclusion for personal injury when the insured acts with specific intent to cause harm or injury contained in the Umbrella Policy.

26.

In addition, Miraglia failed to provide notice to State Farm of the "accident," "occurrence", or "loss" "as soon as practicable" or "promptly" as required by his Policies. Miraglia first notified State Farm of his claim in March 2005, over three years after the first posting of the comments on Yahoo.com and the first demand from the other Defendants to stop the posting, and over two years after the other Defendants filed their lawsuits against Miraglia and he was served. State Farm has no duty to defend or indemnify Miraglia for the claims asserted against him in the Underlying Lawsuits because he failed to provide State Farm with notice of the "accident," "occurrence" or "loss" in accordance with the terms and conditions of the Policies.

27.

State Farm states that a justiciable controversy exists as to the rights and status of the parties and the controversy can only be resolved by the declaration sought, as a genuine conflict of tangible interests exists in this matter.

28.

WHEREFORE, State Farm prays for the following relief:

(a) that process and summons issue to each of the Defendants herein and that service on the Defendants be had as required by law;

(b) for a declaratory judgment declaring the rights and liabilities of the parties to the Policies;

(c) for a declaratory judgment that the Plaintiff State Farm has no duty to defend Defendant Miraglia in the Underlying Lawsuits;

(d) for a declaratory judgment that the Plaintiff State Farm has no duty to indemnify Defendant Miraglia in the Underlying Lawsuits;

(e) for the costs of this action; and

(f) for such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Respectfully submitted,

*Julia Dobbins*
_____
Stephen L. Cotter
Georgia State Bar No. 189725
Christopher R. Reeves
Georgia State Bar No. 598209
SWIFT, CURRIE, MCGHEE & HIERS, L.L.P.
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800 (telephone)
(404) 888- 6199 (facsimile)

ATTORNEYS FOR STATE FARM FIRE AND
CASUALTY COMPANY

Julia Dobbins
Texas State Bar No. 05915500
SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
777 Main Street, Suite 3800
Fort Worth, Texas 76102
(817) 336-9333 (telephone)
(817) 336-3735 (facsimile)

LOCAL COUNSEL FOR STATE FARM FIRE AND
CASUALTY COMPANY