

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 11 2007

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STATE FARM FIRE & CASUALTY §
COMPANY, §
 §
            Plaintiff, §
 §
VS. § NO. 4:07-CV-013-A
 §
BLAKE MIRAGLIA, ET AL., §
 §
            Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motions of Defendant Blake
Miraglia ("Miraglia") to dismiss the claims asserted against him
by plaintiff, State Farm Fire & Casualty Company ("State Farm"),
in the above-captioned action, for lack of personal jurisdiction,
for anticipatory filing by State Farm, and by estoppel. For the
reasons set forth below the court concludes that such motion
should be denied.

I.

Background

Parties in the instant action are involved in underlying
lawsuits in which defendants Tara Schuchmann, Rick Wessel,
Phillip Powell, and J. Alan Barron, are suing Miraglia for
defamation (the "underlying lawsuits"). The alleged defamatory

conduct stems from postings Miraglia made to an online bulletin board operated by Yahoo.com (the "Yahoo website"). State Farm is not a party in any of the underlying lawsuits, but originally provided a defense for Miraglia in the lawsuits based on two insurance policies Miraglia held with State Farm. In a letter dated November 4, 2005, State Farm informed Miraglia that the underlying lawsuits were not covered under his personal liability policy and that it was still investigating whether they were covered under his umbrella policy. State Farm filed the instant action on January 4, 2007, seeking a declaratory judgment that it has no duty to defend or indemnify Miraglia for the claims asserted against him in the underlying lawsuits. According to State Farm, it made several attempts to serve Miraglia with the summons and complaint in this action beginning January 8, 2007. State Farm successfully served Miraglia on April 7, 2007. On March 12, 2007, Miraglia filed a complaint for declaratory judgment, almost identical to the instant action, in a California state court.[1] On May 14, 2007, Miraglia filed his motion to

---

[1] On April 10, 2007, State Farm removed the California state court action to the United States District Court for the Central District of California alleging diversity jurisdiction. On May 1, 2007, Miraglia filed a motion to remand the action to the state court and on June 4, 2007, the motion was granted based on the amount in controversy and the case remanded to the California Superior Court from which it was removed. The court notes that subject matter jurisdiction is not at issue in the instant action.

dismiss for anticipatory filing by State Farm, lack of personal jurisdiction, and estoppel.  State Farm filed a response and Miraglia, in turn, filed his reply.

II.

<u>Analysis</u>

A. <u>Personal Jurisdiction</u>

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that <u>in personam</u> jurisdiction exists.  <u>Wilson v. Belin</u>, 20 F.3d 644, 648 (5th Cir. 1994); <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1192 (5th Cir. 1985); <u>D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.</u>, 754 F.2d 542, 545-46 (5th Cir. 1985).  The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; <u>prima facie</u> evidence of personal jurisdiction is sufficient.  <u>WNS, Inc. v. Farrow</u>, 884 F.2d 200, 203 (5th Cir. 1989); <u>Wyatt v. Kaplan</u>, 686 F.2d 276, 280 (5th Cir. 1982).  The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof.  <u>Command-Aire v. Ontario Mechanical Sales & Serv., Inc.</u>, 963 F.2d 90, 95 (5th Cir. 1992).  Allegations of the plaintiff's complaint are taken as

true except to the extent that they are contradicted by defendant's affidavits. <u>Wyatt</u>, 686 F.2d at 282-83 n.13 (citing <u>Black v. Acme Markets, Inc.</u>, 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for purposes of determining whether a <u>prima facie</u> case exists. <u>Jones v. Petty-Ray Geophysical Geosource, Inc.</u>, 954 F.2d 1061, 1067 (5th Cir. 1992); <u>Bullion v. Gillespie</u>, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. <u>Wilson</u>, 20 F.3d at 646-47; <u>Thompson v. Chrysler Motors Corp.</u>, 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting <u>Smith v. DeWalt Prods. Corp.</u>, 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[2] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be

---

[2]<u>See, e.g.</u>, <u>Kawasaki Steel Corp. v. Middleton</u>, 699 S.W.2d 199, 200 (Tex. 1985).

constitutionally permissible.  <u>Bullion</u>, 895 F.2d at 216; <u>Stuart</u>, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice."  <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant.  <u>Bullion</u>, 895 F.2d at 216.  For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985).  Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and

systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068.

1. Specific jurisdiction - minimum contacts

Miraglia's insured status under the State Farm policies, under which he is seeking indemnification by State Farm in the underlying lawsuits, does not automatically confer personal jurisdiction over Miraglia in Texas. However, State Farm argues that this court has specific jurisdiction because the defamation claims against Miraglia in the underlying lawsuits, on which the instant declaratory judgment action is based, arise out of and are related to the alleged contacts by Miraglia with Texas. Specific jurisdiction exists "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Burger King, 471 U.S. at 475. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a

result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party." Id. (internal quotation marks and citations omitted).

Both Miraglia and State Farm rely on the case of Revell v. Lidov, 317 F.3d 467 (5th Cir. 2002) in support of their respective arguments regarding Miraglia's contacts with Texas. State Farm argues that Miraglia's postings on the Yahoo website are sufficient to confer jurisdiction over him in Texas. Miraglia maintains that such postings were not directed at Texas and thus do not constitute minimum contacts with the forum state.

In Revell, the Fifth Circuit distinguished the website involved from the website described in Mink v. AAAA Dev. LLC, 190 F.3d 333 (5th Cir. 1999) as "Zippo-passive" and thus unable to confer specific jurisdiction. Id. at 336-37 (quoting Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa. 1997)). The Revell court stated that "in this case, any user of the internet can post material to the bulletin board. This means that individuals send information to be posted, and receive information that others have posted." Revell, 317 F.3d at 472. The Revell court concluded that the bulletin board was thus interactive, and that the court had to then evaluate

plaintiff's arguments related to <u>Calder v. Jones</u>, 465 U.S. 783 (1984). <u>Revell</u>, 317 F.3d at 472.

In <u>Calder</u>, the Supreme Court upheld the exercise of personal jurisdiction over two non-resident defendants, finding that they had "expressly aimed" their defamatory conduct towards the forum state. The court in <u>Revell</u> found distinguishable the facts in <u>Calder</u> to those before it.

> We find several distinctions between this case and <u>Calder</u> – insurmountable hurdles to the exercise of personal jurisdiction by Texas courts. First, the article written by [defendant] about Revell contains no reference to Texas, nor does it refer to the Texas activities of Revell, and it was not directed at Texas readers as distinguished from readers in other states. Texas was not the focal point of the article or the harm suffered, unlike <u>Calder</u>, in which the article contained descriptions of the California activities of the plaintiff, drew upon California sources, and found its largest audience in California. This conclusion fits well with our decisions in other intentional tort cases where the plaintiff relied upon <u>Calder</u>. [T]hose cases [have held] that the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under <u>Calder</u>.

<u>Revell</u>, 317 F.3d at 473.

Here, Miraglia argues that <u>Revell</u> is analogous, while State Farm maintains that the facts at issue in the instant action are readily distinguishable from those in <u>Revell</u>. The court concludes that while Miraglia's contact with Texas does not rise to the level of the <u>Calder</u> defendants' contact with California,

Miraglia's alleged defamatory conduct is sufficient to confer specific jurisdiction over Miraglia in the instant action.

First, the Yahoo website on which Miraglia posted his comments is interactive. As in _Revell_, users of the Yahoo website can post material to the bulletin board, thus allowing them to send information to be posted, as well as receive information that others have posted. See _Revell_, 317 F.3d at 472. Therefore, the Yahoo site is distinguishable from the "passive" sites described in _Mink_ and _Zippo_, as incapable of conferring specific jurisdiction.

Second, Miraglia's contact is distinguishable from that in _Revell_ because: (1) his postings often referred specifically to the Texas locations of First Cash Financial Services, Inc. ("FCFS"); (2) his postings appear to be directed at shareholders of FCFS, and/or those interested in FCFS, a company which he knew to have its principal place of business in Texas; and (3) his postings specifically named FCFS officers and directors whom Miragila knew to be Texas residents. Because the actual content of Miraglia's communications was directed at residents of the forum, he should have reasonably anticipated being haled into court there. Miraglia's conduct constitutes purposeful availment of the laws and protections of Texas. See _Lewis v. Fresne_, 252

F.3d 352, 359 (5th Cir. 2001); See Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999). Therefore, State Farm has met its burden of establishing that minimum contacts exist.[3]

2. Traditional Notions of Fair Play and Substantial Justice

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. International Shoe, 326 U.S. at 316. In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing

---

[3] Because the court has concluded that minimum contacts exist to confer specific jurisdiction, it does not reach the issue of whether general jurisdiction over Miraglia would be proper.

<u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980)).

Here, State Farm instituted this declaratory judgment action to clarify its duties to Miraglia related to the underlying lawsuits. The underlying lawsuits are being litigated in Texas, thus, Texas has an interest in seeing that indemnification issues related to those suits are properly resolved. While Miraglia argues that California would be a more convenient forum for him, such factor alone is not enough to upset traditional notions of fair play and substantial justice. Most importantly, the factors involving the plaintiff's interest in obtaining relief and the most efficient forum, weigh heavily in favor of resolving the action in Texas. If the instant action were to be litigated in California, there is no guarantee that State Farm would be able to join the parties of the underlying lawsuit and thus, would be at risk, even if otherwise successful, of not being able to obtain full relief as such parties would not necessarily be bound to a judgment issued by a California court.[4] Further, the factor involving fundamental social policies does not weigh against or

---

[4] This issue is analyzed further in Section III. B. of the court's opinion which discusses Miraglia's motion to dismiss based on anticipatory filing by State Farm.

in favor of litigating the instant action in Texas. Thus, in applying all the factors, the court concludes that its exercise of jurisdiction over Miraglia is constitutionally permissible.

B. Anticipatory Filing

A district court, in determining whether to decide a declaratory judgment action, must ascertain: (1) if the action is justiciable; (2) if the court has authority to grant the requested relief; and (3) whether the court should exercise its discretion to decide the action. Orix Credit Alliance, Inc. V. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000). Once the district court concludes that the action is justiciable and that it has the authority to grant relief, then the court must look to the factors in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 391 (1942) and St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994) to determine whether to decide the action or dismiss it.

Here, State Farm presents a justiciable claim as there is an actual controversy among the parties. See American State Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998)(stating that an actual controversy may exist when an insurance company seeks a declaratory judgment that it has no duty to defend or indemnify an insured in a pending state court suit). Further, this court has authority to decide the instant action because diversity

jurisdiction is present and there was no pending state court action at the time State Farm's complaint was originally filed. See Travelers Ins. Co. v. Louisiana Famr Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993). Therefore, the only remaining issue before the court is whether to exercise its discretion to decide the instant action. See Orix Credit Alliance, 212 F.3d at 895.

    1. Standard from Brillhart and Trejo

    In Brillhart, the United States Supreme Court identified six nonexclusive factors that a district court should consider in ascertaining "whether the questions in controversy between the parties to the federal [declaratory judgment action] . . . can be better settled in the proceeding pending in the state court." The Brillhart factors to be considered are:

    (1) the scope of the pending state court proceeding and the defenses open there;

    (2) whether the claims of all parties in interest can be satisfactorily adjudicated in [the state] proceeding;

    (3) whether necessary parties have been joined;

    (4) whether such parties are amenable to process in [the state] proceeding;

    (5) whether it would be "uneconomical or "vexatious" to proceed where an other suit was pending in state court; and

(6) whether hearing the declaratory judgment action would represent "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation."

Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003)(quoting Brillhart, 316 U.S. at 495).

In Sherwin-Williams, the court explained the relationship between the Brillhart factors and those identified in Trejo. The Fifth Circuit uses the factors identified in Trejo to guide a district court's discretion to accept or decline jurisdiction in a declaratory judgment action. Sherwin-Williams, 343 F.3d at 390. The factors identified in Trejo are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same

> parties and entered by the court before whom the
> parallel state suit between the same parties is
> pending.

Sherwin-Williams, 343 F.3d at 388 (citing Trejo, 39 F.3d at 590-

91. Although each circuit has its own test to express the

Brillhart factors, each one considers the overarching questions

of (1) "the proper allocation of decision-making between state

and federal courts"; (2) fairness, and (3) efficiency. Id. at

390-91. As explained by the Fifth Circuit in Sherwin-Williams,

the "Trejo factors clearly address these three categories of

issues." Id. at 391.

### 2. Applying the Trejo factors

#### a. Pending state action

The first Trejo factor asks whether there is a pending state

court action in which all of the matters in controversy can be

fully litigated. 39 F.3d at 590. "A district court may decline

to decide 'a declaratory judgment suit where another suit is

pending in a state court presenting the same issues, not governed

by federal law, between the same parties.'" Sherwin-Williams, 343

F.3d at 392 (quoting Brillhart, 316 U.S. at 495). Here, Miraglia

filed a declaratory judgment action in a California state court

seeking resolution of the same issues presented in the instant

action. Parties apparently concede that these substantive issues

are governed by state law. However, Miraglia did not join all of
the parties from the instant action to his state court suit.
State Farm maintains that those missing parties, the plaintiffs
in the underlying lawsuits, are necessary and indispensable.[5]
Because those parties may not be subject to jurisdiction in
California, State Farm argues that its claims may not be fully
litigated in that state court action. Miraglia argues that the
missing parties are not indispensable, and regardless, would be
subject to jurisdiction in California because of their contacts
with that state and thus, could be joined to the action.[6] The
court concludes that while the missing parties may be subject to
jurisdiction in California, they are not now parties to that
action and thus there is not a pending state court suit where

---

[5] The court notes that while the underlying plaintiffs are proper
parties to the current action, they are not indispensable.

[6] Miraglia also argues that State Farm has the burden of showing that
the underlying plaintiffs could not be joined to the California action. He
cites a Fifth Circuit and a Texas District Court case in support of his
argument. See Pl.'s Reply 6 (citing Nottingham v. General Am. Communications
Corp., 811 F.2d 873, 880 (5th Cir. 1987) and James v. Valvoline, Inc., 159 F.
Supp. 2d 544, 550 (S.D. Tex. 2001)). The cases he cites, however, involve
parties who filed motions to dismiss for failure to join indispensable
parties. In that situation, the burden is on the movant seeking dismissal to
show that the parties are indispensable. Here, there is not a burden on
either party to prove that the underlying plaintiffs are indispensable,
rather, the fact that they are absent from the state court action simply
weighs in favor of the court deciding State Farm's declaratory judgment.

"all of the matters in controversy may be fully litigated."

Trejo, 39 F.3d at 590.  Thus, this factor favors State Farm.

### b. Anticipatory filing, forum shopping, and fairness

The second, third, and fourth Trejo factors ask whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the declaratory defendants, whether the plaintiff engaged in forum shopping, and whether deciding the declaratory action will result in inequities in allowing the plaintiff to change forums or gain precedence in time.  39 F.3d at 590-91. These factors do not automatically weigh in favor of the defendant simply because the plaintiff chose a federal forum and filed the action in anticipation of litigation.  Indeed, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping'."  Sherwin-Williams, 343 F.3d at 391.  Rather, in considering these factors, the issue for the court is whether the plaintiff is attempting to "use the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."  Id.

Here, Miraglia claims that State Farm engaged in wrongful anticipatory filing and abusive forum shopping. Specifically, he asserts in his reply to State Farm's response that:

> [t]o this day, State Farm has never denied coverage under the umbrella policy or provided Miraglia with the results of any investigation. Miraglia was held at bay from filing his own suit, in his own choice of forum by State Farm leading him to believe it would still provide coverage-while at the same time State Farm filed its own suit seeking to gain tactical advantages, inconvenience Miraglia, and benefit from Texas' more favorable law regarding proceeding with declaratory judgments regarding resolution of insurance policy coverage issues.

Pl.'s Reply 3. First, the court concludes that State Farm's failure to inform Miraglia that it was not providing coverage is not evidence of wrongful anticipatory filing, as they filed the instant action to determine whether such coverage should be provided.

Second, while Miraglia is correct that under Fifth Circuit law, the declaratory judgment action would not be stayed pending resolution of the underlying lawsuits[7], there is no guarantee that the outcome would be any different in a California state

---

[7] Where, as here, "an insurance carrier seeks a declaratory judgment that it does not have a duty to defend or to indemnify its insured in a state court action that has not yet proceeded to judgment" an actual controversy may exist. American State Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998). Thus, this court has jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suits have not yet reached final judgments. See id..

court.  Miraglia states that "State Farm no doubt knew in California its declaratory action would be stayed or abated until the underlying lawsuits were adjudicated."  However, there is no evidence to support this statement as there is no rule in California state court that such a situation will result in an automatic stay.  Rather, the case that Miraglia cites for support stands for the proposition that a declaratory action <u>may</u> be stayed if the coverage issue turns on facts which have not been resolved in the underlying suits and allowing the action to continue would result in prejudice to the insured.  <u>Montrose Chemical Corp. v. Superior Court</u>, 31 Cal.Rptr.2d 38, 42-43 (1994).  Specifically, the <u>Montrose</u> court stated that notwithstanding the emphasis on the potential prejudice to the insured,

> the trial court must consider the burden on the [insurance] carriers. . . . In a case where there is no potential conflict between the coverage issues and the issues in the third party action, the carrier may obtain an early trial date in the coverage action and, if it wins, that is the end of its duty to defend.

<u>Id</u>. at 43.  Thus, even in California, fairness to both the insured and the insurance company must be taken into account in deciding whether to stay a declaratory action pending final judgment in an underlying suit.  Moreover, with

respect to the substantive law applicable in the instant action, State Farm asserts that Georgia law applies and Miraglia makes no objection to such assertion.

For the reasons discussed above, the court concludes that although State Farm may have anticipated that Miraglia would file a state court suit regarding the indemnification issues present in the action, such anticipation, without more, does not constitute wrongful conduct. Further, the fact that State Farm chose a federal forum in a state other than Miraglia's residence does not constitute abusive forum shopping, nor does it result in inequities to Miraglia with respect to the applicable law. While Miraglia _may_ have received a procedural advantage in a California state court, this does not indicate that State Farm did anything wrong by filing in a Texas federal court. State Farm simply availed itself of proper diversity jurisdiction in a forum in which all parties could be joined. Therefore, these factors weigh in favor of State Farm.

c. Convenient forum

The fifth _Trejo_ factor asks whether the federal court is a convenient forum to litigate for the parties and witnesses. 39 F.3d at 591. Miraglia argues he will be significantly burdened by having to litigate in Texas. State Farm contends that

Miraglia is no more inconvenienced by litigating the instant action in Texas than he has been in litigating the underlying suits. Further, State Farms claims the burden on Miraglia to litigate in Texas is no greater than the burden on State Farm would be to litigate in California. Further, the other defendants in this action who are residents of Texas would be burdened if they were joined in the California action, assuming, arguendo, that they would be joined, and forced to litigate there. The court concludes that while California would burden State Farm and possibly other defendants, litigating the action in Texas is inconvenient for Miraglia and thus, this factor weighs in his favor.

### d. Judicial economy

The sixth Trejo factor asks whether judicial economy would be served by retaining the declaratory action in federal court. 39 F.3d at 591. Here, Miraglia claims that judicial economy will not be served by allowing the actions to proceed in two different courts.[8] State Farm argues that the instant action was filed

---

[8] Miraglia filed his complaint in California state court on March 12, 2007, and was served with process by State Farm in the instant action on April 7, 2007. The court notes, however, that the record in this case indicates that Miraglia was purposely avoiding service in an attempt to file his California action before the service of process in the instant action was accomplished.

first and that allowing the action to proceed in California will result in more litigation as not all parties are joined to that suit. The court concludes that judicial economy will be served by allowing the action to proceed in this court as all parties are joined and thus needless litigation will be avoided by subjecting the underlying plaintiffs to this court's judgment on the indemnification issue. Therefore, because it is unclear whether judicial economy will be served or offended by allowing this action to proceed, this factor is neutral.

### e. State judicial decree

The last Trejo factor asks whether the federal court is being asked to construe a state judicial decree involving the same parties. 39 F.3d at 591. If the federal court is being asked to do so, this factor clearly weighs in favor of dismissing the action for federalism concerns. Sherwin-Williams, 343 F.3d at 392. Here, because neither party has asked the court to interpret a state judicial decree, this factor weighs in favor of State Farm.

## C. Estoppel

Miraglia contends that regardless of his contacts with Texas, State Farm should be estopped from claiming that jurisdiction is proper because his attorney, who was provided by

State Farm, has argued all along in the underlying lawsuits that Miraglia is not subject to jurisdiction in Texas. State Farm maintains that Miraglia's estoppel argument is without merit because there is no evidence that State Farm waived its right to assert non-coverage or that there is a conflict of interest. See Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Kitty Hawk Airways, Inc., 964 F.2d 478, 480-81 (5th Cir. 1992); Ideal Mut. Ins. Co. v. Myers, 789 F.2d 1196, 1202 (5th Cir. 1986). The court concludes that State Farm is not estopped from asserting that this court has jurisdiction over Miraglia. State Farm has not waived its right to assert this argument simply because Miraglia's attorney in the underlying lawsuit has argued differently. See Employers Cas. Co. v. Tilley, 496 S.W.2d 552, 558 (Tex. 1973) (stating that an insured's attorney, even if provided by the insurer, "becomes the attorney of record and the legal representative of the insured, and as such he owes the insured the same type of unqualified loyalty as if he had been originally employed by the insured"). Thus, Miraglia's attorney in the underlying lawsuit must advocate on his behalf, including making jurisdictional arguments that are favorable to him. However, it does not follow that State Farm is bound to those arguments simply because they are providing his attorney pursuant

to Miraglia's insurance policy.  Therefore, Miraglia's motion to dismiss by estoppel should be denied.


IV.

ORDER

For the reasons discussed above, the court concludes that Miraglia's motions should be denied.  Therefore,

The court ORDERS that Miraglia's motions to dismiss for lack of personal jurisdiction, anticipatory filing by State Farm, and by estoppel be, and are hereby, denied.

SIGNED October 11, 2007.

JOHN McBRYDE
United States District Judge