

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:07-CV-013-A |
| BLAKE MIRAGLIA, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant Blake Miraglia ("Miraglia") objecting to the application of Georgia law and requesting the application of California law in the above-captioned action. Upon careful consideration of Miraglia's motion, the response of plaintiff, State Farm Fire and Casualty Company ("State Farm"), Miraglia's reply, the record, and the applicable legal authorities, the court concludes that Miraglia's motion should be denied.

I.

Background

Parties in the instant action are involved in underlying lawsuits in which defendants Tara Schuchmann, Rick Wessel, Phillip Powell, and J. Alan Barron, are suing Miraglia for

defamation (the "underlying lawsuits"). The alleged defamatory conduct stems from postings Miraglia made to an online bulletin board operated by Yahoo.com (the "Yahoo website"). State Farm is not a party in any of the underlying lawsuits, but originally provided a defense for Miraglia in the lawsuits based on two insurance policies Miraglia held with State Farm, a Homeowner's Policy and a Personal Liability Umbrella Policy. In a letter dated November 4, 2005, State Farm informed Miraglia that the underlying lawsuits were not covered under his Homeowner's Policy and that it was still investigating whether they were covered under his Umbrella Policy. State Farm filed the instant action on January 4, 2007, seeking a declaratory judgment that it has no duty to defend or indemnify Miraglia for the claims asserted against him in the underlying lawsuits. On October 11, 2007, the court signed an order denying Miraglia's motion to dismiss for lack of personal jurisdiction, for anticipatory filing by State Farm, and by estoppel.

II.

Miraglia's Motion

On December 5, 2007, Miraglia filed the motion objecting to the application of Georgia law and requesting application of California law to the issues in the instant action. In his

motion, Miraglia asserts that Georgia and California law conflict on a disputed issue in this case, specifically, the significance of late notice of an insurance claim, and that, under a conflict of laws analysis, California law should be applied. In its response filed December 26, 2007, State Farm maintains that because California and Texas laws do not conflict on the disputed issue, California law should not be considered. However, State Farm contends that Georgia and Texas laws do conflict on the disputed issue and that, under a conflict of laws analysis, Georgia law should apply. Miraglia filed a reply to State Farm's response on January 10, 2008.

III.

Facts Relevant to the Determination of the Motion

The two insurance policies being disputed in this declaratory judgment action are a Homeowner's Policy and a Personal Liability Umbrella Policy. See Pl.'s App. Resp. Exhs. A & E. State Farm issued the Homeowner's Policy to Miraglia in March of 2000 for a house located in Bogart, Georgia, belonging to Miraglia. State Farm issued the Umbrella Policy to Miraglia in December of 2000. Both policies were issued by State Farm through an insurance agent in Georgia, Jim Joiner, on Georgia forms. Miraglia lived in Georgia during the years 2000 to 2004.

Miraglia canceled the Umbrella Policy on December 15, 2003, and canceled the Homeowner's Policy on June 11, 2004.

IV.

Analysis

A. Existing Conflict

Because this action is brought before the court on the basis of diversity of citizenship between the parties, the court applies the choice of law rules of Texas, the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); Hanley v. Forester, 903 F.2d 1030, 1032 (5th Cir. 1990); Stuart v. Spademan, 772 F.2d 1185, 1195 (5th Cir. 1985). In Texas, a court need only perform a choice of law analysis if the states' laws in question conflict on a disputed substantive issue. Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56, 69-70 (Tex. App. - Houston [14th Dist.] 2004, no pet.). Here, both parties identify the disputed substantive issue as the significance of late notice of an insurance claim and both assert that a conflict of laws exists. However, Miraglia does not assert that such a conflict exists between Texas and California law, rather, he contends that California law is in agreement with Texas on the issue and that those laws conflict with Georgia. State Farm argues that Miraglia, as the movant, has failed to

4

meet his burden of demonstrating a conflict between California and Texas law sufficient to show that a choice of law analysis is required. Thus, State Farm maintains that California law should not be considered. According to State Farm, a conflict does exist between Texas and Georgia law, such that a choice of law analysis is needed between those states' laws, and under the applicable Restatement analysis, Georgia law should apply. As State Farm points out, because it is asserting application of foreign law, it has the same burden as Miraglia to show a true conflict of laws with Texas and that the foreign law should apply. Having reviewed the record and applicable authorities, the court is convinced that Georgia and Texas laws conflict on a substantive issue in this case. Because Miraglia has conceded that Texas and California laws do not conflict, the correct conflict of law analysis is between Georgia and Texas, not Georgia and California. See Schneider Nat. Transport v. Ford Motor Co., 280 F.3d 532, 536 (5th Cir. 2002) (holding that if the laws of the states in question do not conflict, then no choice of law analysis is necessary and the law of the forum state applies).

B. <u>Conflict of Laws Analysis</u>

Once a conflict on a substantive issue has been identified, Texas has adopted the test of the <u>Restatement (Second) of Conflict of Laws</u> under which the law of the state with the "most significant relationship" to the particular substantive issue will be applied to resolve that issue. <u>Duncan v. Cessna Aircraft Co.</u>, 665 S.W.2d 414, 421 (Tex. 1984); <u>Minnesota Min. and Mfg. Co. v. Nishika Ltd.</u>, 953 S.W.2d 733, 735-36 (Tex. 1997). The Texas Supreme Court's opinion in <u>Nishika</u> is instructive.

> Under section 188 of the Restatement . . . we consider the following contacts in determining which law governs [the] controversy:
>
> (a) the place of contracting;
>
> (b) the place of negotiation;
>
> (c) the place of performance;
>
> (d) the location of the contract's subject matter; and
>
> (e) the parties' domicile, residence, nationality, place of incorporation and place of business.
>
> [Restatement (Second) of Conflict of Laws § 188(2) (1971)].
>
> . . . .
>
> We must also evaluate these contacts in the context of certain policy factors listed in section 6 of the Restatement. These principles are:

>   (a) the needs of the interstate and international systems,
>
>   (b) the relevant policies of the forum,
>
>   (c) the relevant policies of other interested states and the relative interests of those states in the determination of <u>the particular issue</u>,
>
>   (d) the protection of justified expectations,
>
>   (e) the basic policies underlying the particular field of law,
>
>   (f) certainty, predictability and uniformity of result, and
>
>   (g) ease in the determination and application of the law to be applied.
>
> Restatement (Second) of Conflict of Laws § (6)(2) (1971).

<u>Nishika</u>, 953 S.W.2d at 735-36 (citations omitted); <u>see</u> <u>Gutierrez v. Collins</u>, 583 S.W.2d 312, 318-19 (Tex. 1979)(stating that "application of the 'most significant relationship' analysis should not turn on the number of contacts, but more importantly on the qualitative nature of those contacts as affected by the policy factors enumerated in Section 6.").

1. <u>Most significant relationship under section 188 of the Restatment</u>

   a. <u>Place of contracting and place of negotiation</u>

State Farm maintains that the insurance contracts were negotiated and formed in Georgia while Miraglia claims that at

least some of the negotiation occurred in California. The court concludes from the evidence that the place of negotiation and place of contracting was Georgia. Even assuming that Miraglia, as he asserts in his motion, initially made inquiries to an agent in California and that some phone calls were made from California to Georgia regarding the insurance policies, the policies were issued in Georgia, through a Georgia State Farm agent, on Georgia forms. Moreover, when these contracts were formed, Miraglia listed a Georgia address and a Georgia telephone number. These factors weigh in favor of applying Georgia law.

### b. Place of performance

"When the contract is one of payment, the place of performance seems, in truth, of no particular consequence." Houston Cas. Co. v. Certain Underwriters at Lloyd's London, 51 Supp.2d 789, 797-98. Moreover, "'[w]hen a contract requires payment of money but does not specify the place of payment, the place of payment is the domicile of the payor." Id. (quoting Temperature Sys., Inc. v. Bill Pepper, Inc., 854 S.W.2d 669, 675 (Tex.App.-Dallas 1993, writ dism'd by agr.). Therefore, this factor will be incorporated with the discussion below regarding Miraglia's domicile.

8

### c. Subject matter of the contract

State Farm maintains that the subject matter of the contracts is "a mix between Georgia and everywhere." Pl.'s Resp. 15. The Homeowners Policy was issued to Miraglia for a home located in Georgia, thus, there is no question that the subject matter of that policy was in Georgia. When State Farm issued the Umbrella Policy to Miraglia he gave a Georgia address and telephone number and the policy was issued on Georgia forms. However, because the policy insured Miraglia for personal liability, it is unclear whether the subject matter of the policy could be tied to a particular place. State Farm argues that it intended Georgia law to govern the Umbrella Policy while Miraglia maintains that he never intended or agreed to that application. Still, the court concludes that this factor weighs in favor of applying Georgia law as the subject matter of the Umbrella Policy is ambiguous and the Homeowner's Policy was clearly in Georgia.

### d. Domicile, Residence, Nationality, Place of Incorporation

"In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. . . . A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if

it conflicts with the objective facts." Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996). Here, Miraglia maintains that his domicile and place of business were at all times in California and thus, Georgia law should not apply. State Farm argues that the evidence conflicts with Miraglia's purported intention for his domicile to be in California, and that regardless, the evidence clearly shows that his residence was in Georgia.

The court concludes that while the evidence is unclear as to Miraglia's domicile, there is no question that his residence was Georgia, both at the time of contracting and during the coverage period. Further, while Miraglia is correct that State Farm's place of incorporation is in Illinois, its place of business for purposes of evaluating the policies was Georgia. As discussed above, the policies were issued in Georgia, by a Georgia agent, on Georgia forms, to an Miraglia who provided State Farm with a Georgia address, phone number, and drivers' license. Taken together these facts weigh in favor of applying Georgia law.

To revisit the place of performance factor, Miraglia argues that his domicile was in California, that he made payments on the policies from California, and thus, that the place of performance was California. However, the evidence shows that any payments Mirgalia made were required to be sent to a Georgia address,

either to a State Farm agent or to State Farm's Insurance Support Center, both located in Georgia. Moreover, there is no evidence, other than Miraglia's self-serving affidavit, that he made payments from California. After evaluating the relevant facts, the court concludes that the place of performance factor is neutral.

Having considered all of the relevant factors under section 188 of the Restatement, the court concludes that Georgia has the most significant relationship to the disputed issue.

2. <u>Policy considerations under section 6 of the Restatement</u>

Having concluded that Georgia has the most significant relationship, the court further concludes that the relevant policy factors under section 6 of the Restatement weigh in favor of applying Georgia law. Georgia has an interest in seeing contracts that are negotiated and formed in Georgia enforced under its laws. Georgia also has an interest in ensuring that individuals cannot change the terms of a contract simply by doing business in, or moving to, another forum. Further, while Texas has an interest in the underlying lawsuits, those lawsuits are not the subject of the instant action and Texas does not have the level of interest that Georgia does in ensuring that the dispute over the Georgia insurance policies is properly resolved.

Moreover, by taking out the insurance policies in Georgia, on Georgia forms, and providing State Farm with a Georgia telephone number, address, and drivers' license, Miraglia should have expected any suit regarding the policies to be governed by Georgia law. Therefore, although the policy factor regarding ease of determination and application of law points in favor of Texas as State Farm filed the lawsuit here, all other policy considerations weigh in favor of apply Georgia law.

V.

Order

For the reasons discussed above, the court concludes that Miraglia's motion should be denied and that Georgia law shall apply to the issue of late notice of an insurance claim. Therefore,

The court ORDERS that Miraglia's motion be, and is hereby, denied.

The court further ORDERS and declares that Georgia law shall apply to the issue of late notice of an insurance claim.

The court further ORDERS that in the future each party furnish to the court a copy of each court opinion and the text of each statute or regulation the party relies on in support of any contention the party might make relative to the status of Georgia

law, and that each such item, as applicable, be provided to the court as an attachment, or in an appendix, to any document filed by the party in which reliance is placed on Georgia case law or a Georgia statute or regulation.

SIGNED January 30, 2008.

JOHN McBRYDE
United States District Judge